UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| TELICIA A. DEBERRY | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:22-CV-51-RPM |
| COMMISSIONER OF SOCIAL SECURITY | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Telicia A. DeBerry's appeal from the Commissioner of Social Security's (Commissioner) denial of her application for disability benefits under the Social Security Act (the Act). DeBerry filed the instant application for disability benefits alleging a period of disability from March 1, 2014, through October 18, 2017, based on neck fusion, migraine headaches, sleep apnea, major anxiety, bladder dysfunction, lower back and neck pain, and tachycardia.[1] Doc. [11] at 3-4. DeBerry was 40-years old at the alleged onset of disability, with a high school diploma, two years of college, and past relevant work as a flight chief and medical technician. Doc. [18] at 65-68. She retired from the Air Force in 2014 at the rank of master sergeant. *Id.* at 68.

DeBerry's application was denied initially and on reconsideration. Doc. [11] at 3-24. She requested and was granted a hearing before an Administrative Law Judge. Doc. [10] at 77-102; Doc. [12] at 16-17. The ALJ issued an unfavorable decision on October 23, 2017. Doc. [10] at 26-42. DeBerry ultimately appealed this decision to federal court. The District Court remanded the matter back to the Commissioner for further consideration. Doc. [19] at 14-25.

---

[1] In ruling on a separate disability application, the Commissioner found DeBerry disabled with an onset date of October 19, 2017. The instant lawsuit is limited to DeBerry's disability application for the period prior to October 19, 2017. Doc. [18] at 12.

On remand, the ALJ conducted a hearing on May 22, 2020. The ALJ issued an unfavorable decision on June 9, 2020. Doc. [18] at 12-29.

In his decision, the ALJ found that DeBerry had not engaged in substantial gainful activity during the relevant period of March 1, 2014, through October 18, 2017. *Id*. at 15. He further found that DeBerry had severe impairments of cervical degenerative disc disease, anxiety, mood disorder, headaches, and chronic pain syndrome. *Id*. at 15-16. However, the ALJ concluded that DeBerry's impairments did not meet the Listings under the Act. *Id.* at 16-20. Based on her impairments, the ALJ found that DeBerry had the residual functional capacity (RFC) to perform sedentary work but with a long list of additional limitations. *Id.* at 20. Relevant to the issues presented in DeBerry's lawsuit, the ALJ did not include any limitations as to DeBerry's ability to interact with others. In fact, the RFC contains no social limitations whatsoever. Based on the RFC, the ALJ found that DeBerry was unable to perform past relevant work; however, he found that DeBerry can perform other jobs that exist in significant numbers in the national economy, such as document preparer, call out operator, and surveillance operator. *Id.* at 28-29. Accordingly, the ALJ concluded that DeBerry is not disabled as defined by the Act. *Id.* at 29.

The Appeals Council denied DeBerry's request for a hearing. She then filed the instant complaint. In her memorandum brief in support of remand, DeBerry argues that the ALJ should have included limitations regarding her ability to interact with others. Doc. [27]. In support of this argument, DeBerry asserts (1) the ALJ violated the District Court's remand order; (2) substantial evidence does not support the ALJ's finding that DeBerry has no limitations in interacting with others; and (3) the RFC should have taken into account her limitations in areas of mental functioning.

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive; and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA)

utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Residual Functional Capacity**

DeBerry argues that, in the RFC assessment, the ALJ should have included limitations on her ability to interact with others. In conjunction with this argument, DeBerry argues the ALJ violated the District Court's remand order by failing to incorporate a previous ALJ's finding that limited DeBerry to occasional contact with the public and supervisors. DeBerry further points to the opinions of Dr. Powers and Dr. Dees to argue the ALJ's failure to include limitations on social interaction lacked substantial evidence. Additionally, DeBerry argues the ALJ did not adequately assign limitations in other broad areas of mental functioning; namely, (1) concentrating, persisting, or maintaining pace and (2) understanding, remembering, or applying information.

**District Court's Remand Order**

As initial matter, the Court finds that the ALJ did not violate the District Court's remand order. The District Court did not affirm the previous ALJ's finding that DeBerry is limited to occasional interaction with the public or supervisors. Rather, the District Court remanded the matter because the previous ALJ erroneously used the Medical-Vocational Guidelines (Grid Rules) without the necessary additional finding that DeBerry's non-exertional impairments did not significantly affect her RFC. Doc. [19] at 21-22. As explained by the District Court, the ALJ should have employed a vocational expert rather than relying on the Grid Rules. *See Fields v. Bowen*, 805 F.2d 1168, 1171 (5th Cir. 1986) (holding that the Commissioner may establish that claimant can perform work in the national economy either by relying on vocational expert testimony or by consulting the Grid Rules). The ALJ's RFC finding was not at issue before the District Court. In fact, the District Court noted that DeBerry did not directly challenge the ALJ's RFC determination. Doc. [19] at 16. Rather, at issue before the District Court was the ALJ's step five analysis regarding DeBerry's ability to perform other work when considering her RFC.

In compliance with the District Court's remand order, the new ALJ employed the testimony of a vocational expert to conduct an individualized assessment of DeBerry's ability to perform work in the national economy. Doc. [18] at 29. On remand, the ALJ also took additional testimony from DeBerry. This additional testimony included some discussion of her activities during the relevant time frame. *Id.* at 77-78, 80-87. As explained by the Fifth Circuit, an ALJ is not bound by the previous ALJ's findings. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (holding ALJ was not bound by previous ALJ's finding that claimant could perform only light work); *Houston v. Sullivan*, 895 F.2d 1012, 1015 (5th Cir. 1989) (upon remand, an ALJ is free to reevaluate the facts in evidence).

### Interaction with Others

DeBerry contends substantial evidence does not support the ALJ's decision not to include limitations on her ability to interact with others.  Dr. David Powers found DeBerry had some moderate limitations in her ability to maintain social functioning.  Doc. [11] at 10-11.  However, according to Dr. Powers, DeBerry was not limited in her ability to get along with coworkers without distracting them or exhibiting behavior extremes.  Dr. Powers ultimately opined "there are no indications of a severe mental problem of any kind" and found DeBerry could perform within the normal limits of a job.  Dr. Jesse F. Dees found she had a mild limitation in social functioning.  *Id.* at 19.  Dr. Dees opined that DeBerry's "symptom picture" is "less than severe." Dr. Dees further opined that DeBerry "would be capable of relating appropriately to coworkers and supervisors." *Id.* at 22.  In the narrative explanation, Dr. Dees also noted that DeBerry was very active in her church, sings in the choir, and helps with church activities.  *Ibid.*  Dr. Gerald S. Barrilleaux, a licensed psychologist, performed a consultative examination and opined that DeBerry's "impairment would be expected to mildly interfere with her relationships with co-workers, supervisors, and others."  Doc. [15] at 160.  DeBerry reported to Dr. Barrilleaux that she got along with others and is able to communicate and interact effectively; she attends college some days and spends time attending church and her son's athletic events.  *Id.* at 158-59.  The ALJ gave "significant weight" to the opinions of Drs. Powers, Dees, and Barrilleaux.  Doc. [18] at 26.  Based on the foregoing, the Court finds that substantial evidence supports the ALJ's decision not to include social limitations in DeBerry's RFC.

### Mental Functioning

Plaintiff argues the ALJ failed to include limitations related to broad areas of mental functioning despite medical opinion evidence indicating moderate limitations in the areas of (1)

concentrating, persisting, or maintaining pace and (2) understanding, remembering, or applying information. In fact, consistent with the medical opinion evidence, the ALJ found moderate limitations in these areas. Doc. [18] at 18. The ALJ then incorporated these limitations into his RFC assessment by finding that DeBerry can perform greater than simple, but less than complex tasks. *Id.* at 18-19, 26.

If the ALJ finds at step three that a claimant has a severe mental impairment that does not meet or equal an impairment listed in the appendix to the regulations, the analysis then moves to the RFC assessment at step four. 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3). When evaluating a claimant's mental RFC at step four, the ALJ considers Paragraph B of the Listing of Impairments for mental disorders, which provides four areas of mental functioning that are relevant to determining if an applicant is disabled, including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, and maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Part 404, Sub. P, App'x 1 § 12.00(E); § 416.945(c). However, step three determinations and RFC determinations are distinct analyses. *Cruz v. Kijakazi*, 2022 WL 17039318, at *4 (W.D.Tex. Nov. 17, 2022). An ALJ must consider the Paragraph B limitations when determining a mental RFC but is not required to incorporate the limitations verbatim. *See Holmes v. Astrue*, 2013 WL 638830, at *13 (N.D.Tex. Jan. 25, 2013).

At step two of the five-step analysis, the ALJ found that DeBerry had a severe mental impairment; however, at step three of the analysis, he found the impairment did not meet any of the Listing criteria for disability. Doc. [18] at 15-20. The ALJ properly considered DeBerry's moderate limitations in the areas of concentrating, persisting, or maintaining pace and understanding, remembering, or applying information; as well as the medical opinion evidence

7

related to these limitations. *See id.* at 18-19. At step four of the analysis, the ALJ then incorporated those mental limitations into the RFC when he found DeBerry had the RFC to perform greater than simple, but less than complex tasks. *Id*. at 18-20.

      As support for this conclusion, the ALJ noted that Dr. Powers and Dr. Dees both determined DeBerry was not limited in her ability to carry out very short, simple instructions and was not limited in her ability to make simple, work-related decisions. They found her only moderately limited in the ability to carry out detailed instructions. Dr. Powers and Dr. Dees both found no limitation with respect to understanding, remembering, or applying information; however, the ALJ found moderate limitations in that area based on DeBerry's testimony that her medication causes memory problems. Based on the foregoing, the Court finds substantial evidence supports the ALJ's RFC assessment regarding DeBerry's mental functioning and limiting her to performing greater than simple, but less than complex tasks.

      IT IS THEREFORE ORDERED AND ADJUDGED that the decision of the Commissioner is AFFIRMED; and this complaint is dismissed with prejudice.

      SO ORDERED AND ADJUDGED, this the 7th day of September 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE